UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANDYN GAYLER,

    Plaintiff,

v.

NDOC – HIGH DESERT STATE PRISON, *et al.*,

    Defendants.

Case No. 2:17-cv-01492-RFB-CWH

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF No. 1, 1-1, 3). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses his motion for appointment of counsel.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place at High Desert State Prison (HDSP). (ECF No. 1-1 at 1). He sues NDOC – High Desert State Prison, Governor Brian Sandoval, Director James Dzurenda, Deputy Director David Tristan, Warden Brian E. Williams, Associate Warden Jerry Howell, Associate Warden Jennifer Nash, Associate Warden Bruce Stroud, and Associate Warden Perry Russell.[1]

---

[1] The Court dismisses, with prejudice, all claims against the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). Furthermore, to the extent Plaintiff purports to sue HDSP, all claims against HDSP are dismissed with prejudice as HDSP is an inanimate building, not a person or entity subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition.").

(ECF No. 1-1 at 1, 4-10). Plaintiff alleges nine claims and seeks monetary damages and injunctive relief. (*Id.* at 39, 42).

In the complaint, Plaintiff alleges the following: During all relevant times, Plaintiff was housed in protective segregation (P-Seg) at HDSP, where he was incarcerated due to his conviction for attempted sexual assault. (ECF No. 1-1 at 8, 10). Plaintiff was in P-Seg at his own request. (*Id.* at 8, 10-14). Plaintiff is a former member of a street gang known as the Nortenos, who are rivals of another street gang, the Surenos. (*Id.* at 12-13). There are more Surenos than Nortenos at HDSP. (*Id.* at 13). Because of Plaintiff's former affiliation with the Nortenos, he did not feel safe during yard time at HDSP. (*Id.*) Plaintiff also did not feel safe in the HDSP yard because he believed that inmates like himself who are convicted of sexual offenses are more prone to threats and violence from other inmates. (*Id.*) Plaintiff therefore chose to be housed in P-Seg at HDSP. (*Id.* at 13-14).

Depending on the HDSP inmate's custody level, the inmate receives a scheduled amount of daily dayroom access to use the phone, take a shower, cook, and socialize. (*Id.* at 15, 17). Depending on the inmate's custody level, inmates also receive a scheduled amount of outdoor recreation in yard time and a scheduled amount of indoor recreation time (including use of the gym facilities) per week. (*Id.*) Inmates also receive scheduled amount of times to access the chapel for religious services and to have contact visits with approved visitors. (*Id.* at 15-16, 18). In addition, they receive scheduled appointment dates to see a physician. (*Id.* at 16, 18).

Level 2 P-Seg inmates at HDSP, such as Plaintiff, receive approximately 25-28 hours of dayroom access per week, four hours of outdoor recreation per week, two hours of indoor recreation (gym time) per week. (*Id.* at 19). P-Seg inmates at HDSP also have limited access to physician appointments and generally must fill out a medical form to set up an appointments for medical care. (*Id.* at 31). P-Seg inmates at HDSP wait up to 60 days to receive medical treatment for any conditions other than emergencies. (*Id.* at 31).

| | |
|---|---|
| 1 | HDSP P-Seg inmates do not have access to free weights and are limited in their exercise |
| 2 | opportunities in the outdoor recreation yard. (*Id.* at 20). Plaintiff also alleges that P-Seg |
| 3 | inmates are not allowed to practice their religions or hold services during dayroom time, |
| 4 | yard time, or indoor recreation gym time. (*Id.*) P-Seg inmates are limited to one visit per |
| 5 | week for three hours for local visitors or six hours for long distance visitors. (*Id.*) |
| 6 | Plaintiff further alleges, upon information and belief, that some inmates at other |
| 7 | NDOC institutions, such as Lovelock Correctional Center and Northern Nevada |
| 8 | Correctional Center, who would be classified as P-Seg inmates if they were at HDSP, |
| 9 | receive more opportunities at their prisons to access the dayroom, outdoor recreation |
| 10 | yard, indoor recreation gym, religious services, medical treatment, and visitation. (*Id.* at |
| 11 | 21-23). |
| 12 | Plaintiff attempted to bring the different treatment to the attention of Defendants |
| 13 | Dzurenda, Tristan, Williams, Howell, Nash, Stroud, and Russell by filing grievances. (*Id.* |
| 14 | at 24). He was not successful at obtaining any changes at HDSP through the grievance |
| 15 | process. (*Id.* at 28). |
| 16 | In his nine counts, Plaintiff alleges that each of the Defendants violated his |
| 17 | Fourteenth Amendment right to equal protection. (*Id.* at 29, 27, 32, 26, 34, 35, 36, 38, |
| 18 | and 39). They did this by failing to allow Plaintiff the same opportunities to access the |
| 19 | day room, outdoor recreation yard, indoor recreation gym, religious services, medical |
| 20 | treatment, and visitation as inmates at other NDOC institutions who would be classified |
| 21 | as P-Seg inmates if they were housed at HDSP. (*Id.* at 27, 32-35, 26, 34-33, 35, 36-37, |
| 22 | 38, 40). He alleges that his right to be equal to other similarly situated inmates should |
| 23 | have been known to the Defendants. (*Id.* at 29). In addition, he alleges that each of the |
| 24 | Defendants was responsible for making and enforcing constitutional policies with respect |
| 25 | to inmate equal protection and failed to do so, as there is a pattern of unequal treatment |
| 26 | through the NDOC and the Defendants did not standardize policy to comply with the |
| 27 | constitution. (*Id.* at 27, 25, 26, 33, 35, 37, 38, and 40). |
| 28 | |

The Equal Protection Clause of the Fourteenth Amendment is essentially a directive that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "Similarly situated" persons are those "who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).

When analyzing an equal protection claim under the Fourteenth Amendment, the courts must first determine the appropriate level of scrutiny to be applied. If the defendants acted with the intent and purpose to discriminate against the plaintiff based upon membership in a protected class or substantially burden a fundamental right[2], the court will apply a strict scrutiny standard. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Green v. City of Tucson*, 340 F.3d 891, 896 (9th Cir. 2003). If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'"). The Supreme Court held that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every

---

[2] To determine whether a right is a "fundamental right," courts generally look to the Constitution to see if the right infringed has its source, explicitly or implicitly, in the Constitution. *Plyler v. Doe*, 457 U.S. 202, 218 n.15 (1982).

person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.*

However, although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held that the theory applies only in certain limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008) (holding that the class-of-one theory does not apply in the public employment context); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012). "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." *Engquist*, 553 U.S. at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause merely because the officer gives tickets to only some speeding drivers). The Supreme Court has recognized that the problem with allowing class-of-one claims to go forward in a context where government officials are necessarily making subjective, individualized decisions is that the government will be forced to defend a multitude of such claims and courts will be obliged to go through them in search of the rare needle in a haystack. *Engquist*, 553 U.S. at 608-09.

Thus, a person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the Plaintiff did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). The Fourteenth Amendment's Equal Protection Clause does not require that states treat all persons within their borders identically. *See McGowan v. Maryland,* 366 U.S. 420, 425 (1961) ("the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others" so long as the classification does not rest on grounds "wholly irrelevant to the achievement of the State's objective").

Furthermore, to state a "class-of-one" equal protection claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012).

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In addition, when a plaintiff is attempting to rely on a policy to establish a defendant's liability, merely including a conclusory allegation that there is a policy is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). The plaintiff must go beyond bare assertions and plead facts sufficient to show that there is a policy, what the policy is, and what role the defendant played in designing, adopting, and implementing the policy. *Id.* at 678-81. If a supervisor implements a policy that may be constitutionally deficient, to be liable, the supervisor must adopt and implement that policy with the same state of mind required for those who are being supervised. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

The Court finds that Plaintiff has failed to state a colorable equal protection claim. As an initial matter, it is not clear to the Court that Plaintiff has adequately identified a similarly situated group of individuals. Plaintiff alleges that some inmates at other NDOC prisons, who would be in P-Seg if they were at HDSP, are treated better than he is.

However, he has provided inadequate details as to these preferentially treated P-Seg groups in other facilities.

Moreover, even assuming for purposes of this order that Plaintiff adequately has alleged a similarly situated group of individuals, Plaintiff still has not stated a colorable equal protection claim. Plaintiff has not adequately alleged that anyone has treated him differently from how they treat others. According to the complaint, most of the Defendants allegedly work at HDSP and create policies for HDSP. (ECF No. 1-1 at 9-10). There are no allegations that those Defendants have anything to do with policies and inmates at other prisons and that they therefore are treating prisoners elsewhere differently than they are treating him.

Moreover, even with respect to Defendants Sandoval, Dzurenda, and Tristan, who allegedly make and enforce laws and policies for the NDOC more generally, Plaintiff has not adequately alleged facts that would show that these Defendants created any particular policies or took any other actions to treat him differently from anyone else. Plaintiff makes the speculative and conclusory allegations that some prisoners at other prisons receive more opportunities than he does to access the day room, outdoor recreation yard, indoor recreation gym, religious services, medical treatment, and visitation contact. However, Plaintiff does not allege any facts to support such conclusions. In addition, the mere fact that there may be different conditions at different prisons and for different classifications or units does not show that these Defendants participated in any conduct resulting in such different conditions. Furthermore, Plaintiff has not adequately alleged that these Defendants purposefully singled out HDSP P-Seg inmates for different treatment and has not alleged why they did so.[3]

---

[3] It is not clear to the Court whether Plaintiff is relying on a theory that his fundamental rights have been substantially burdened or is relying on a class-of-one theory, or both. Plaintiff should make that clear in any amended complaint. If Plaintiff is relying on the alleged impairment of a fundamental right, in any amended complaint, he should allege facts sufficient to show how identified fundamental rights were substantially impaired. If he is relying on a class-of-one theory, he should allege what non-discretionary rule Defendants applied to him in a manner that was different from how they

- 9 -

The Court therefore will dismiss this claim without prejudice, with leave to amend. If Plaintiff chooses to amend this claim, he should allege facts sufficient to show who was similarly situated and how they were similarly situated. He also should allege *facts* sufficient to show what each Defendant did to violate his rights, including facts sufficient to show what role each Defendant played with respect to adopting each policy, what each particular policy was, what the Defendant's purpose was in adopting the policy, whether the Defendant deliberately singled out Plaintiff for different treatment, and how that policy applied to both Plaintiff and the allegedly similarly situated prisoners. Plaintiff also should allege the date on which each Defendant took the alleged action.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. Plaintiff may not amend the complaint to add unrelated claims involving a different defendant; adding such claims to an amended complaint will result in dismissal of those claims. Such claims must be brought in separate lawsuits.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

Moreover, plaintiff must file the amended complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff must follow the instructions on the form. The "nature of the case" section shall be brief. That

---

applied that rule to a similarly situated group.

1  section need not and should not include very many facts.  For each cause of action, 2  plaintiff must adequately allege facts to show what *each* defendant did to violate his rights.

3  The Court notes that, if Plaintiff chooses to file an amended complaint curing the 4  deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30 5  days from the date of entry of this order.  If Plaintiff chooses not to file an amended 6  complaint curing the stated deficiencies, this action shall be dismissed for failure to state 7  a claim.

**III.  MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion for appointment of counsel.  (ECF No. 3).  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel.  Therefore, the Court denies the motion for appointment of counsel.

**IV.  CONCLUSION**

For the foregoing reasons, IT IS ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court will file a copy of the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the NDOC-High Desert State Prison is dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that the entire complaint is dismissed without prejudice, with leave to amend.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 3) is denied.

DATED this 25th day of June, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE